UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL ANN HUGHES,

     Plaintiff,                           Civil Action No. 02-40256

v.                                   HON. PAUL V. GADOLA
                                   U.S. District Judge
                                   HON. R.  STEVEN WHALEN
GENERAL MOTORS CORPORATION,     U.S. Magistrate Judge

     Defendant.
_____/

**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR
RELIEF FROM TAXATION OF COSTS [Docket #70]**

     Before the Court is Plaintiff's motion for relief from taxation of costs [Docket #70], filed October 26, 2005, which was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). However, because this is a post-judgment motion, a Magistrate Judge to whom it is referred is constrained to proceed by Report and Recommendation under 28 U.S.C. §636(b)(1)(B). *See Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993).

     The Court held a hearing on March 23, 2006, taking the matter under advisement. For the reasons set forth below, I recommend that Plaintiff's Motion for Relief from Taxable Costs be DENIED.

-1-

# I. BACKGROUND

Plaintiff Cheryl Ann Hughes filed suit on September 24, 2002, alleging that her former employer, Defendant General Motors Corporation ("GM"), practiced racial discrimination in violation of 42 U.S.C. § 1981; age discrimination in violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"); and race discrimination, gender discrimination, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.   Plaintiff also alleged state law violations of Michigan's Elliott-Larsen Civil Rights Act.   MCL § 37.2101 *et. seq.* ("ELCRA").   On December 12, 2002, the district court dismissed the state claims pursuant to 28 U.S.C. § 1367(c).   Plaintiff re-filed the ELCRA claims in state court. On April 4, 2005, a state court granted Defendant's motion for summary disposition, dismissing the case.   Defendant, having already filed a motion for summary judgment in this court [Docket #48], argued that Plaintiff was unable to show a prima facie case of discrimination or retaliation (submitting alternatively that Plaintiff was unable to rebut Defendant's legitimate nondiscriminatory and nonretaliatory reason for her termination), then filed a supplemental motion for summary judgment on April 25, 2005 [Docket #62], making the additional argument that Plaintiff's claims were now barred on the basis of res judicata and collateral estoppel.   On October 12, 2005, the district court granted Defendant's motion for summary judgment [Docket #66] on the basis of issue preclusion, finding additionally that Defendant was entitled to judgment as a matter of law, having provided valid nondiscriminatory and nonretaliatory reasons for Plaintiff's termination.   The district ordered that Plaintiff would take nothing from Defendant

and Defendant would recover its costs of action [Docket #67].

On October 24, 2005, Defendant submitted a bill of costs [Docket #68], listing the court reporter fees for the nine deponents whose testimony was cited in its motion for summary judgment, supplemental motion for summary judgment, and/or in the reply and supplemental reply to Plaintiff's responses [Docket #60, 64], totaling $4,178.55.

## II.  STANDARD OF REVIEW

Fed. R. of Civ. P.  54(d)(1)  provides in pertinent part," [e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Further, the court may tax as costs for court reporting, exemplification, and copying under 28 U.S.C. § 1920.  "It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc. v. American Hospital Supply Corp.,* 746 F.2d 728, 731 (6th Cir. 1986).   The language of Fed. R. Civ. P. 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001).

*Singleton* identified several factors a losing party may assert to overcome the presumption favoring taxation of costs, including "good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.*  Although the court found that the winning party's ability to pay its own costs was irrelevant,  the indigency of the losing party might be used in favor of denying costs.  However, the court held that *in forma*

*pauperis* status "would not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant." *Id.*; *See Hampton v. Hobbs,* 106 F.3d 1281, 1285 (6th Cir. 1997).

### III.  ANALYSIS

Citing *White & White, supra,* Plaintiff, concedes that Fed. R. Civ. P. 54(d) creates a presumption in favor of awarding costs to the prevailing party.  However, she argues that the court may deny costs if the presumption  can be overcome by a showing of circumstances justifying the denial. *Id.* at 732.   She asserts first that pursuant to *Lichter Foundation Inc., v. Welch*, 269 F .2d 142, 146 (6th Cir. 1959), the case at hand was "close and difficult." *Motion for Relief* at 3.  Second, she states that although she is currently employed, she "is not in a position to pay for the transcripts. . ." *Id*.   Finally, Plaintiff urges the Court to "consider the chilling effect of penalizing [her] for pursuing her valid claims of discriminatory treatment," arguing that at the very least, "she raised a genuine issue of fact regarding the elements of her prima facie case of discriminatory treatment."

Plaintiff  fails to overcome the presumption that the deposition costs should be assigned to her.  First, although the litigation at hand spanned the course of over three years, lending credence to her argument the experience was "difficult," nothing in the record suggests that her claim presented a "close" issue.  Indeed, although the district could have dismissed the entire claim on the basis of issue preclusion without further elaboration, the court also discussed Plaintiff's allegations and Defendant's presentation of nondiscriminatory and nonretaliatory reasons for terminating her, concluding that Defendant's were entitled to

-4-

summary judgment as a matter of law.

Likewise, Plaintiff's unelaborated statement that she is unable to pay $4,178.55 in court reporting fees, in and of itself, does not overcome the presumption that costs should be assessed. This argument, set forth in a brief composed by her attorney, was submitted unaccompanied by an affidavit by Plaintiff or any other explanation as to the source of her financial difficulties.   As such, her allegation of financial hardship stands unsupported by confirming documentation and must be rejected.

Further, even if Plaintiff were to establish that she did not have funds on hand to pay for court costs, "[i]ndigency, although a relevant factor to consider in deciding whether to award or deny costs, does not provide an automatic basis for denying a motion to tax costs." *White & White,* 786 F.2d at 732-733.  In *Singleton,* 241 F.3d at 539, the court identified the losing party's difficulty or inability to pay costs as one of many factors that would allow the court to overcome the presumption in favor of assessing costs.  However, "*in forma pauperis* status will not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant." *Id.*; *Hampton v. Hobbs,* 106 F.3d 1281, 1285 (6th Cir. 1997).

Finally, the Court is not persuaded by Plaintiff's argument that assessing cost would have a "chilling effect" on future victims of civil rights violations, discouraging them from asserting their legal rights.  Although the Sixth Circuit has voiced concern that bearing the costs of litigation would discourage would-be plaintiffs from filing meritorious suits, this discussion pertains to the chilling effects of forcing claimants to absorb the cost of *attorneys' fees* rather than the relatively modest assessment of taxable costs. *See Riddle v. Egensperger,*

266 F.3d 542, 549 (6th Cir. 2001).   Contrary to Plaintiff's argument, the Sixth Circuit has held that awarding taxable costs to the Defendant in a civil rights action would not have a chilling effect on potential litigants. *See Singleton,* 241 F.3d at 538-39.

Although  Defendant, a major corporation, can easily absorb its own taxable costs, "the ability of the prevailing party to pay his or her costs" is an *inappropriate* factor in deciding whether to assess costs to the losing party. *White & White,* 786 F.2d at 730. Thus, although Defendant obviously has the ability to pay its deposition costs, that factor is barred from consideration by this Court.  I note in closing that Defendant's counsel exhibited some restraint in attempting to recover court costs.  Although Defendant sought costs for the nine deposition transcripts cited in its summary judgment briefs, counsel refrained from billing Plaintiff for the ten additional depositions not cited in its Rule 56 motions.

## IV.   CONCLUSION

I therefore recommend that Plaintiff's Motion for Relief from Taxable Costs be DENIED.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

-6-

Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 6, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 6, 2006.

S/Gina Wilson
Judicial Assistant

-7-